United States Bankruptcy Court

Middle District of Pennsylvania

In re:  
Subetrice Ternice Samuel  
    Debtor(s)

Case No. 20-02670-HWV  
Chapter 13

# CERTIFICATE OF NOTICE

District/off: 0314-1     User: AutoDocke     Page 1 of 3  
Date Rcvd: Oct 16, 2020     Form ID: pdf002     Total Noticed: 36

The following symbols are used throughout this certificate:  
**Symbol**     **Definition**

\+     Addresses marked '+' were corrected by inserting the ZIP, adding the last four digits to complete the zip +4, or replacing an incorrect ZIP. USPS regulations require that automation-compatible mail display the correct ZIP.

++     Addresses marked '++' were redirected to the recipient's preferred mailing address pursuant to 11 U.S.C. 342(f)/Fed.R.Bank.P.2002(g)(4).

**Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Oct 18, 2020:**

| Recip ID | | Recipient Name and Address |
|---|---|---|
| db | + | Subetrice Ternice Samuel, 1616 State Street, Harrisburg, PA 17103-1465 |
| 5357514 | + | ASPIRE FAMILY MEDICINE, 49 PRINCE STREET, HARRISBURG, PA 17109-3113 |
| 5357515 | + | CITY OF HARRISBURG, DEPT OF BLDG & HOUSING DEVEL, 10 N 2ND ST, STE 206, HARRISBURG, PA 17101-1677 |
| 5357516 | | CITY OF HARRISBURG, DEPT OF PUBLIC WORKS, 1820 PAXTON STREET, HARRISBURG, PA 17104-2826 |
| 5357518 | | COMMONWEALTH OF PA, OFFICE OF THE ATTORNEY GENERAL, 14TH FL STRAWBERRY SQUARE, HARRISBURG, PA 17120-0001 |
| 5357540 | | COMMONWEALTH OF PA DEPT L&I, READING B&C UNIT UTCS, 625 CHERRY ST ROOM 203, READING, PA 19602-1152 |
| 5357519 | + | DAUPHIN COUNTY TAX CLAIM, 2 SOUTH 2ND STREET, HARRISBURG, PA 17101-2047 |
| 5357521 | | ECKERT SEAMANS CHERIN MELLOT, 600 GRANT ST, 44TH FLOOR, US STEEL TOWER, PITTSBURGH, PA 152192788 |
| 5357522 | + | FAST APPLIANCE REPAIR INC, 2200 N 11TH STREET, READING, PA 19604-1206 |
| 5357523 | | GM FINANCIAL-BANKRUPTCY DEPT, PO BOX 183853, ARLINGTON, TX 76096-3853 |
| 5357524 | | KEYSTONE COLLECTIONS GROUP, 546 WENDEL ROAD, IRWIN, PA 15642-7539 |
| 5357525 | | LABORATORY CORP OF, AMERICA HOLDINGS, PO BOX 2240, BURLINGTON, NC 27216-2240 |
| 5357526 | + | LINEBARGER GOGGAN BLAIR & SAMPSON, PO BOX 90128, HARRISBURG, PA 17109-0128 |
| 5357528 | + | OIP, 3399 TRINDLE ROAD, CAMP HILL, PA 17011-2286 |
| 5357529 | | OIP PT EAST, 5300 DERRY ST 2ND FLOOR, HARRISBURG, PA 17111-3576 |
| 5359778 | + | Orthopedic Surgeons of PA, c/o Orthopedic Institute of PA, 3399 Trindle Road, Camp Hill, PA 17011-4407 |
| 5357530 | + | PENN CREDIT CORP, 2800 COMMERCE DRIVE, PO BOX 69703, HARRISBURG, PA 17106-9703 |
| 5357532 | + | PINNACLE HEALTH, 409 SOUTH SECOND STREET, PO BOX 1286, HARRISBURG, PA 17108-1286 |
| 5357533 | + | PINNACLE HEALTH REGIONAL PHYSICIANS, 409 SOUTH SECOND STREET, PO BOX 1286, HARRISBURG, PA 17108-1286 |
| 5357535 | + | SEQUIUM ASSET SOLUTIONS LLC, 1130 NORTHCHASE PKWY, MARIETTA, GA 30067-6413 |
| 5357534 | + | Select Portfolio Servicing, Inc., 3815 South West Temple, Salt Lake City, UT 84115-4412 |
| 5357537 | + | TRANSWORLD SYSTEMS INC, CORRESPONDENCE, PO BOX 17221, WILMINGTON, DE 19850-7221 |

TOTAL: 22

**Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.**  
Electronic transmission includes sending notices via email (Email/text and Email/PDF), and electronic data interchange (EDI). Electronic transmission is in Eastern Standard Time.

| Recip ID | | Notice Type: Email Address | Date/Time | Recipient Name and Address |
|---|---|---|---|---|
| cr | + | Email/Text: GMFINANCIAL@EBN.PHINSOLUTIONS.COM | Oct 16 2020 19:19:00 | Americredit Financial Services, Inc. Dba GM Finan, PO Box 183853, Arlington, TX 76096-3853 |
| cr | + | Email/Text: blegal@phfa.org | Oct 16 2020 19:19:00 | Pennsylvania Housing Finance Agency/Homeowner's Em, 211 North Front Street, Harrisburg, PA 17101-1406 |
| 5359884 | | Email/Text: GMFINANCIAL@EBN.PHINSOLUTIONS.COM | Oct 16 2020 19:19:00 | AmeriCredit Financial Services, Inc., dba GM Financial, P O Box 183853, Arlington, TX 76096 |
| 5358989 | + | Email/Text: GMFINANCIAL@EBN.PHINSOLUTIONS.COM | Oct 16 2020 19:19:00 | Americredit Financial Services, Inc., d/b/a GM Fin, 4000 Embarcadero Dr., Arlington, TX 76014-4101 |
| 5357538 | + | Email/Text: dehartstaff@pamd13trustee.com | Oct 16 2020 19:19:00 | CHARLES J DEHART, III, ESQ., 8125 ADAMS DRIVE STE A, HUMMELSTOWN PA 17036-8625 |
| 5357517 | | Email/Text: documentfiling@lciinc.com | Oct 16 2020 19:18:00 | COMCAST (BK NOTICES), PO BOX 1931, BURLINGAME, CA 94011-1931 |

| Recip ID | | Notice Type | Date/Time | Name and Address |
|---|---|---|---|---|
| 5357539 | | Email/Text: RVSVCBICNOTICE1@state.pa.us | Oct 16 2020 19:19:00 | COMM OF PA DEPT OF REVENUE, BUREAU OF COMPLIANCE, DEPT 280946, HARRISBURG, PA 17128-0946 |
| 5357520 | | Email/Text: G06041@att.com | Oct 16 2020 19:19:00 | DIRECTV CUSTOMER SERVICE, BANKRUPTCY CLAIMS, PO BOX 6550, GREENWOOD VILLAGE CO 80155-6550 |
| 5360689 | | Email/Text: jennifer.chacon@spservicing.com | Oct 16 2020 19:19:00 | Deutsche Bank National Trust Company, et al, c/o Select Portfolio Servicing, Inc., P.O. Box 65250, Salt Lake City, UT 84165-0250 |
| 5358988 | | Email/Text: G06041@att.com | Oct 16 2020 19:19:00 | Directv, LLC, by American InfoSource as agent, PO Box 5072, Carol Stream, IL 60197-5072 |
| 5357541 | | Email/Text: sbse.cio.bnc.mail@irs.gov | Oct 16 2020 19:18:00 | INTERNAL REVENUE SERVICE, PO BOX 21126, Philadelphia, PA 19114 |
| 5357527 | | Email/Text: Bankruptcies@nragroup.com | Oct 16 2020 19:19:00 | NATIONAL RECOVERY AGENCY, 2491 PAXTON STREET, HARRISBURG, PA 17111-1036 |
| 5357531 | | Email/Text: blegal@phfa.org | Oct 16 2020 19:19:00 | PHFA /HEMAP, PO BOX 15206, HARRISBURG, PA 17105-5206 |
| 5357536 | + | Email/Text: bankruptcy@sw-credit.com | Oct 16 2020 19:19:00 | SW CREDIT SYS, 4120 INTERNATIONAL PKWY STE 1100, CARROLLTON, TX 75007-1958 |

TOTAL: 14

## BYPASSED RECIPIENTS

**The following addresses were not sent this bankruptcy notice due to an undeliverable address, *duplicate of an address listed above, *P duplicate of a preferred address, or ## out of date forwarding orders with USPS.**

| Recip ID | Bypass Reason | Name and Address |
|---|---|---|
| cr | *+ | Americredit Financial Services, Inc., d/b/a GM Fin, 4000 Embarcadero Dr., Arlington, TX 76014-4101 |
| 5365042 | *P++ | AMERICREDIT FINANCIAL SERVICS DBA GM FINANCIAL, PO BOX 183853, ARLINGTON TX 76096-3853, address filed with court:, Americredit Financial Services, Inc., Dba GM Financial, P.O Box 183853, Arlington, TX 76096 |
| 5365043 | *P++ | AMERICREDIT FINANCIAL SERVICS DBA GM FINANCIAL, PO BOX 183853, ARLINGTON TX 76096-3853, address filed with court:, Americredit Financial Services, Inc., Dba GM Financial, P.O Box 183853, Arlington, TX 76096 |
| 5357513 | *+ | Subetrice Ternice Samuel, 1616 State Street, Harrisburg, PA 17103-1465 |

TOTAL: 0 Undeliverable, 4 Duplicate, 0 Out of date forwarding address

## NOTICE CERTIFICATION

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed .R. Bank. P.2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Oct 18, 2020      Signature:      /s/Joseph Speetjens

## CM/ECF NOTICE OF ELECTRONIC FILING

**The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on October 16, 2020 at the address(es) listed below:**

| Name | Email Address |
|---|---|
| Brian Nicholas | |

| | |
|---|---|
| | on behalf of Creditor Deutsche Bank National Trust Company as Trustee, in trust for the registered holders of Morgan Stanley ABS Capital I Inc. Trust 2004-HE6, Mortgage Pass-Through Certificates, Series 2004-HE6 bnicholas@kmllawgroup.com |
| Charles J DeHart, III (Trustee) | TWecf@pamd13trustee.com |
| Dorothy L Mott | on behalf of Debtor 1 Subetrice Ternice Samuel DorieMott@aol.com KaraGendronECF@gmail.com;mottgendronecf@gmail.com;bethsnyderecf@gmail.com |
| Kara Katherine Gendron | on behalf of Debtor 1 Subetrice Ternice Samuel karagendronecf@gmail.com doriemott@aol.com;mottgendronecf@gmail.com;bethsnyderecf@gmail.com |
| Leon P Haller | on behalf of Creditor Pennsylvania Housing Finance Agency/Homeowner's Emergency Mortgage Assistance Program (HEMAP) lhaller@pkh.com dmaurer@pkh.com;mgutshall@pkh.com |
| United States Trustee | ustpregion03.ha.ecf@usdoj.gov |
| William E. Craig | on behalf of Creditor Americredit Financial Services Inc., d/b/a GM Financial ecfmail@mortoncraig.com, mortoncraigecf@gmail.com |

TOTAL: 7

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

IN RE:  :  CHAPTER 13
SUBETRICE TERNICE SAMUEL  :
fka Subetrice Ternice McGill  :  CASE NO. 1:20-bk-02670
    Debtor  :
      :  ☒ ORIGINAL PLAN
      :
      :  ☐ AMENDED PLAN (indicate 1ST, 2ND,
      :  3RD, etc.)
      :
      :  ☐ 0 Number of Motions to Avoid Liens
      :
      :  ☒ 1 Number of Motions to Value Collateral

## CHAPTER 13 PLAN

### NOTICES

Debtors must check one box on each line to state whether or not the plan includes each of the following items. If an item is checked as "Not Included" or if both boxes are checked or if neither box is checked, the provision will be ineffective if set out later in the plan.

| 1 | The plan contains nonstandard provisions, set out in § 9, which are not included in the standard plan as approved by the U.S. Bankruptcy Court for the Middle District of Pennsylvania. | ☒ Included | ☐ Not Included |
|---|---|---|---|
| 2 | The plan contains a limit on the amount of a secured claim, set out in § 2.E, which may result in a partial payment or no payment at all to the secured creditor. | ☒ 1 Included | ☐ Not Included |
| 3 | The plan avoids a judicial lien or nonpossessory, nonpurchase-money security interest, set out in § 2.G. | ☐ 0 Included | ☒ Not Included |

### YOUR RIGHTS WILL BE AFFECTED

READ THIS PLAN CAREFULLY. If you oppose any provision of this plan, you must file a timely written objection. This plan may be confirmed and become binding on you without further notice or hearing unless a written objection is filed before the deadline stated on the Notice issued in connection with the filing of the plan.

**1. PLAN FUNDING AND LENGTH OF PLAN.**

   **A**. **Plan Payments From Future Income**
     1. To date, the Debtor paid $0 (enter $0 if no payments have been made to the Trustee to date). Debtor shall pay to the Trustee for the remaining term of the plan the following payments. If applicable, in addition to monthly plan payments, Debtor shall make conduit payments through the Trustee as set forth below. The total base plan is $33,600.00, plus other payments and property stated in § 1B below:

| Start mm/yy | End mm/yy | Plan Payment | Estimated Conduit Payment | Total Payment | Total Payment Over Plan Tier |
|---|---|---|---|---|---|
| 10/2020 | 09/2025 | $560.00 | $ | | $33,600.00 |
| | | $ | $ | | $ |
| | | $ | $ | | $ |
| | | $ | $ | | $ |
| | | $ | $ | | $ |
| | | | | **Total Payments** | **$33,600.00** |

     2. If the plan provides for conduit mortgage payments, and the mortgagee notifies the Trustee that a different payment is due, the Trustee shall notify the Debtor and any attorney for the Debtor, in writing, to adjust the conduit payments and the plan funding. Debtor must pay all post-petition mortgage payments that come due before the initiation of conduit mortgage payments.

     3. Debtor shall ensure that any wage attachments are adjusted when necessary to conform to the terms of the plan.

     4. CHECK ONE: ☑ Debtor is at or under median income. If this line is checked, the rest of § 1.A.4 need not be completed or reproduced.

     ☐ Debtor is over median income. Debtor calculates that a minimum of $0.00 must be paid to allowed unsecured creditors in order to comply with the Means Test.

  **B. Additional Plan Funding From Liquidation of Assets/Other**
     1. The Debtor estimates that the liquidation value of this estate is $0.00. (Liquidation value is calculated as the value of all non-exempt assets after the deduction of valid liens and encumbrances and before the deduction of Trustee fees and priority claims.)

Check one of the following two lines.
  ☐ No assets will be liquidated. If this line is checked, skip § 1.B.2 and complete § 1.B.3 if applicable.
  ☑ Certain assets will be liquidated as follows:
     2. In addition to the above specified plan payments, Debtor shall dedicate to the plan proceeds in the estimated amount of $ from the sale of property known and designated as _____ _____. All sales shall be completed by _____, 20____. If the property does not sell by the date specified, then the disposition of the property shall be as follows: _____.

     3. Other payments from any source(s) (describe specifically) shall be paid to the Trustee as follows: Non-exempt proceeds, if any, from Workers Comp claim.

## 2. SECURED CLAIMS
  **A. Pre-Confirmation Distributions**. *Check one*.
  ☐ None. If "None" is checked, the rest of § 2.A need not be completed or reproduced.

  ☑ Adequate protection and conduit payments in the following amounts will be paid by the debtor to the Trustee. The Trustee will disburse these payments for which a proof of claim has been filed as soon as practicable after receipt of said payments from the Debtor.

| Name of Creditor | Last Four Digits of Account Number | Estimated Monthly Payment |
|---|---|---|
| **GM FINANCIAL-BANKRUPTCY DEPT** | | $56.00 |

     1. The Trustee will not make a partial payment. If the Debtor makes a partial plan payment, or if

it is not paid on time and the Trustee is unable to pay timely a payment due on a claim in this section, the Debtor's cure of this default must include any applicable late charges.

    2. If a mortgagee files a notice pursuant to Fed. R. Bankr. P. 3002.1(b), the change in the conduit payment to the Trustee will not require modification of this plan.

  B. **Mortgages (Including Claims Secured by Debtor's Principal Residence) and Other Direct Payments by Debtor**. *Check one*.

☐ None. If "None" is checked, the rest of § 2.B need not be completed or reproduced. \

☒ Payments will be made by the Debtor directly to the creditor according to the original contract terms, and without modification of those terms unless otherwise agreed to by the contracting parties. All liens survive the plan if not avoided or paid in full under the plan.

| Name of Creditor | Description of Collateral | Last Four Digits of Account Number |
|---|---|---|
| DAUPHIN COUNTY TAX CLAIM | 1616 State St, Harrisburg, PA 17103 | |
| Select Portfolio Servicing, Inc. | 1616 State St, Harrisburg, PA 17103 | |

  C. **Arrears (Including, but not limited to, claims secured by Debtor's principal residence)**. *Check one*.

☐ None. If "None" is checked, the rest of § 2.C need not be completed or reproduced.

☒ The Trustee shall distribute to each creditor set forth below the amount of arrearages in the allowed proof of claim. If post-petition arrears are not itemized in an allowed claim, they shall be paid in the amount stated below. Unless otherwise ordered, if relief from the automatic stay is granted as to any collateral listed in this section, all payments to the creditor as to that collateral shall cease, and the claim will no longer be provided for under § 1322(b)(5) of the Bankruptcy Code:

| Name of Creditor | Description of Collateral | Estimated Pre-petition Arrears to be Cured | Estimated Post-petition Arrears to be Cured | Estimated Total to be paid in plan |
|---|---|---|---|---|
| DAUPHIN COUNTY TAX CLAIM | 1616 State St, Harrisburg, PA 17103 | Per allowed proof of claim $7,500 estimated | | Per allowed proof of claim |
| Select Portfolio Servicing, Inc. | 1616 State St, Harrisburg, PA 17103 | Per allowed proof of claim $ estimated | | Per allowed proof of claim |

**D. Other secured claims (conduit payments and claims for which a § 506 valuation is not applicable, etc.)**
☐ None. If "None" is checked, the rest of § 2.D need not be completed or reproduced.

☒ The claims below are secured claims for which a § 506 valuation is not applicable, and can include: (1) claims that were either (a) incurred within 910 days of the petition date and secured by a purchase money security interest in a motor vehicle acquired for the personal use of the Debtor, or (b) incurred within 1 year of the petition date and secured by a purchase money security interest in any other thing of value; (2) conduit payments; or (3) secured claims not provided for elsewhere.

1. The allowed secured claims listed below shall be paid in full and their liens retained until retained until the earlier of the payment of the underlying debt determined under nonbankruptcy law or discharge under §1328 of the Code.

2. In addition to payment of the allowed secured claim, present value interest pursuant to 11 U.S.C. §1325(a)(5)(B)(ii) will be paid at the rate and in the amount listed below, unless an objection is raised. If an objection is raised, then the court will determine the present value interest rate and amount at the confirmation hearing.

3. Unless otherwise ordered, if the claimant notifies the Trustee that the claim was paid, payments on the claim shall cease.

| Name of Creditor | Description of Collateral | Principal Balance of Claim | Interest Rate | Total to be Paid in Plan |
|---|---|---|---|---|
| **CITY OF HARRISBURG** | **1616 State St, Harrisburg, PA 17103** | $5,630.09 | | No payments required |
| **PHFA /HEMAP** | **1616 State St, Harrisburg, PA 17103** | $6,662.00 approximately | | Payment through plan of allowed secured claim |

**E. Secured claims for which a § 506 valuation is applicable**. *Check one*.
☐ None. If "None" is checked, the rest of § 2.E need not be completed or reproduced.

☑ Claims listed in the subsection are debts secured by property not described in § 2.D of this plan. These claims will be paid in the plan according to modified terms, and liens retained until the earlier of the payment of the underlying debt determined under nonbankruptcy law or discharge under § 1328 of the Code. The excess of the creditor's claim will be treated as an unsecured claim. Any claim listed as "$0.00" or "NO VALUE" in the "Modified Principal Balance" column below will be treated as an unsecured claim. The liens will be avoided or limited through the plan or Debtor will file an adversary action or other action (select method in last column). To the extent not already determined, the amount, extent or validity of the allowed secured claim for each claim listed below will be determined by the court at the confirmation hearing. Unless otherwise ordered, if the claimant notifies the Trustee that the claim was paid, payments on the claim shall cease.

| Name of Creditor | Description of Collateral | Value of Collateral (Modified Principal) | Interest Rate | Total Payment | Plan, Adversary or Other Action |
|---|---|---|---|---|---|
| **GM FINANCIAL- BANKRUPTCY DEPT** | **2011 Ford Flex blue (approx. 100,000 miles)** | $3,625.00 | Lesser of 4.25% or contract rate | $4,030.00 | Plan--cramdown |

**F. Surrender of Collateral**. *Check one.*
☑ None. If "None" is checked, the rest of § 2.F need not be completed or reproduced.

**G. Lien Avoidance. Do not use for mortgages or for statutory liens, such as tax liens**. *Check one.*
☑ None. If "None" is checked, the rest of § 2.G need not be completed or reproduced.

**3. PRIORITY CLAIMS.**
  **A. Administrative Claims**

   1. Trustee's Fees. Percentage fees payable to the Trustee will be paid at the rate fixed by the United States Trustee.
   2. Attorney's fees. Complete only one of the following options:

      a. In addition to the retainer of $0.00 already paid by the Debtor, the amount of $4,000.00 in the plan. This represents the unpaid balance of the presumptively reasonable fee specified in L.B.R. 2016-2(c); or

      b. $_____ per hour, with the hourly rate to be adjusted in accordance with the terms of the written fee agreement between the Debtor and the attorney. Payment of such lodestar compensation shall require a separate fee application with the compensation approved by the Court pursuant to L.B.R. 2016-2(b).

    3. <u>Other</u>. Other administrative claims not included in §§ 3.A.1 or 3.A.2 above. *Check one of the following two lines.*
☒ None. If "None" is checked, the rest of § 3.A.3 need not be completed or reproduced.

**B. Priority Claims (including, certain Domestic Support Obligations**
    Allowed unsecured claims entitled to priority under § 1322(a) will be paid in full unless modified under §9.

| Name of Creditor | Estimated Total Payment |
|---|---|
| **NONE** | |

**C. Domestic Support Obligations assigned to or owed to a governmental unit under 11 U.S.C. §507(a)(1)(B).** *Check one of the following two lines.*
    ☒ If "None" is checked, the rest of § 3.C need not be completed or reproduced.

**4. UNSECURED CLAIMS**
  **A. Claims of Unsecured Nonpriority Creditors Specially Classified**. *Check one of the following two lines.*
☒ None. If "None" is checked, the rest of § 4.A need not be completed or reproduced.

  **B.**     **All remaining allowed unsecured claims shall receive a pro-rata distribution of any funds remaining after payment of the other classes.**

**5. EXECUTORY CONTRACTS AND UNEXPIRED LEASES**. *Check one of the following two lines.*
☒ None. If "None" is checked, the rest of § 5 need not be completed or reproduced.

**6. VESTING OF PROPERTY OF THE ESTATE**.
**Property of the estate will vest in the Debtor upon**
*Check the applicable line:*
☐ plan confirmation.
☐ entry of discharge.
☒ closing of case:

**7. DISCHARGE**: (Check one)
☒ The debtor will seek a discharge pursuant to § 1328(a).
☐ The debtor is not eligible for a discharge because the debtor has previously received a discharge described in § 1328(f).

**8. ORDER OF DISTRIBUTION**:
If a pre-petition creditor files a secured, priority or specially classified claim after the bar date, the Trustee will treat the claim as allowed, subject to objection by the Debtor.
Payments from the plan will be made by the Trustee in the following order:
Level 1:     Adequate protection payments.
Level 2:     Debtor's attorney's fees.
Level 3:     Domestic Support Obligations.
Level 4:     Secured claims, pro rata.
Level 5:     Priority claims, pro rata.
Level 6:     Specially classified unsecured claims.
Level 7:     General unsecured claims.
Level 8:     Untimely filed unsecured claims to which the debtor has not objected.

*If the above Levels are filled in, the rest of § 8 need not be completed or reproduced.*

**9. NONSTANDARD PLAN PROVISIONS**
**Include the additional provisions below or on an attachment. Any nonstandard provision placed elsewhere in the plan is void. (NOTE: The plan and any attachment must be filed as one document, not as a plan and exhibit.)**

    (1) Claim amounts: The amounts of the claims listed in the plan and schedules are estimated amounts and are not admissions by the Debtors as to the amount(s) owed.

    (2) Property surrendered under Section 2 F. shall be surrendered in full satisfaction of creditors' claims.

    (3) Lien Releases.

        (a) Personal Property: Upon the satisfaction, completion of cramdown payment, or other discharge of a security interest in a motor vehicle, mobile home, or in any other personal property of this estate in bankruptcy for which ownership is evidenced by a certificate of title, the secured party shall within thirty (30) days after the entry of the discharge order or demand execute a release of its security interest on the said title or certificate, and mail or deliver the certificate or title and release to the Debtor or to the attorney for the Debtor. Confirmation of this plan shall impose an affirmative and direct duty on each such secured party to comply with this provision.

        (b) Real Property: Upon the, completion of cramdown payment, strip off, or other discharge of a security interest in real property, the secured party shall within sixty (60) days after the entry of the discharge order file a satisfaction piece or release of its security interest in the office of the Recorder of Deeds for the county in which the real estate is located. Confirmation of this plan shall impose an affirmative and direct duty on each such secured party to comply with this provision.

    (4) Confirmation of this Plan shall not bar the Debtor from:

        (a) filing objections to any claims;

        (b) amending his schedules to add a creditor who was omitted from his schedules and to amend this Plan to provide for the treatment of such creditor or any other creditor who failed to timely file a proof of claim;

        (c) seeking to avoid a lien under Section 522 of the Code or seeking the determination of the extent, validity and/or priority of any liens;

        (d) seeking a determination as to the dischargeability of any debt; or

        (e) selling any asset of his free and clear of liens and encumbrances.

.

/s/ Dorothy L. Mott, /s/ Kara K. Gendron
_____
Dorothy L. Mott, Kara K. Gendron
Attorneys for Debtor(s)


/s/ Subetrice Ternice Samuel
Debtor

By filing this document, the debtor, if not represented by an attorney, or the Attorney for Debtor also certifies that this plan contains no nonstandard provisions other than those set out in § 9